UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14078-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

   Plaintiff,

v.

LUCKSON MORIN,

   Defendant.
_____/

FILED by _____ D.C.

JUL 1 4 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON
PRO SE MOTION OF STANDING [D.E. #166]

   **THIS CAUSE** having come on to be heard upon the aforementioned pro se motion and this Court having reviewed the motion, as well as the government's response and the response of court appointed counsel for the pro se Defendant at the trial level, this Court recommends to the District Court as follows:

   1. The Defendant's pro se "Motion of Standing" is unusual in that the motion appears to "notifies the Honorable Court of defendants Motion of Standing of the above case." This Court does not know what that means. However, page 2 of the motion appears to allege that the Defendant has not heard from his court appointed counsel nor from the Clerk of Court concerning his appeal. The Defendant alleges that he requested his court appointed counsel to file a notice of appeal on his behalf.

   2. This Court has reviewed the response by Robert Franklin, who was the court appointed attorney representing the Defendant at the trial level. It is clear from Mr. Franklin's lengthy recitation of the background and facts of this case, that no such appeal

was requested by the Defendant at any time. This appears to be very logical in light of the way this matter unfolded.

3.     First, Mr. Franklin refers to the fact that the Defendant entered a plea of guilty pursuant to the terms of a plea agreement. Mr. Franklin states in his response that "After a thorough review of all the potential evidence in the case with the defendant it was jointly confirmed that a guilty plea and cooperation was the best course of action." Further, Mr. Franklin cites to the fact that in addition to the reduction in the guidelines level as a result of a timely plea and acceptance of responsibility, the Defendant would also be eligible for safety valve treatment. Therefore, the Defendant entered his plea of guilty pursuant to a plea agreement on December 20, 2010.

4.     Thereafter, Mr. Franklin discussed with the government the filing of a Rule 35 motion on behalf of the Defendant after sentencing based upon any further cooperation the Defendant would give. The Defendant was sentenced on February 28, 2011 to a term of 108 months which Mr. Franklin's response accurately reflects was below the statutory ten year minimum required based upon the Defendant's plea of guilty.

5.     The Defendant agreed to testify for the government and did so at the trial of a co-defendant which resulted in a guilty verdict. Thereafter on May 24, 2011, the government filed a Rule 35 motion which was joined in by the defense. The Defendant was re-sentenced on May 31, 2011 to a term of six years, which was a thirty percent reduction of the nine year sentence previously imposed upon him on February 28, 2011. Mr. Franklin states in his response that he notified the Defendant by phone of the sentence reduction while the Defendant was in jail in Miami. Mr. Franklin forwarded copies of the Rule 35 motion and re-sentencing to the Defendant.

2

6.     One of the most important parts of the response filed by Mr. Franklin, as an

officer of this Court, states as follows:

> "During the period of my representation of the defendant my
> time records indicate that I met with him for a total of 12.3
> hours.  At no time did he ever express any interest or intent
> of any appeal, nor did he ask me to file a notice of appeal for
> him.  The only post-sentence events that were of concern were
> whether he would testify against a co-defendant and whether
> such testimony would be the basis for a reduction in his sentence."

7.     This Court also refers to the response filed by the government in this case

in respect to the "Motion of Standing."  AUSA Lineberger states in her response that the

Defendant did receive the benefit of a Rule 35 motion filed on or about May 24, 2011

pursuant to the Defendant's cooperation against a co-defendant in this case.  AUSA

Lineberger again references the same re-sentencing that Mr. Franklin did which was

entered by Judge Moore on May 31, 2011 reducing the Defendant's sentence to a term of

72 months from the 108 months previously imposed by Judge Moore.

8.     Ms. Lineberger's response goes on to state "At no time was the Government

informed that the Defendant intended to appeal his sentence, since he was permitted to

cooperate and testify toward a Reduction of Sentence Pursuant to F.R.C.P. 35."  Ms.

Lineberger goes on to state "Had the Government known that the Defendant intended to

appeal either of his sentences, he would never have been allowed to cooperate towards

a reduction in his sentence."

9.     There is absolutely no evidence that the Defendant at any time requested an

appeal in this case.  This is substantiated by the other circumstances and facts of this case

which confirm that the Defendant entered a plea of guilty pursuant to a written plea

agreement and received the benefit of acceptance of responsibility and safety valve by

3

originally being sentenced below the minimum ten years. Further, the record is clear that a Rule 35 motion was filed by the government as agreed upon subsequent to the Defendant's cooperation in testifying against his co-defendant. Pursuant to that Rule 35 motion, the District Court reduced by one-third the sentence it had previously imposed on the Defendant. As a result, the Defendant's original nine year sentence was reduced to six years.

10.    There is no evidence of any notice of appeal being filed nor requested by the Defendant in this case and the time for filing such a notice has expired. Court appointed counsel for the Defendant, as an officer of this Court, has meticulously set forth the underlying background and facts of this matter and unequivocally states that the Defendant at no time requested that an appeal be filed in this case. Finally, counsel for the government states that if the Defendant had intended to appeal, the government would not have filed a Rule 35 motion and would have opposed any other reduction in sentence.

11.    Based upon the foregoing, the record corroborates the events as recalled by Mr. Franklin in his response and the government in its response. No notice of appeal has been filed. Therefore, there is no "status" of any appeal for the Defendant. This Court might note for the Defendant's purposes, that if an appeal was permitted, the government may have a right to return to this issue pursuant to the terms of the plea agreement and if it is determined that the Defendant violated the provisions of the plea agreement or if his guilty plea is vacated or withdrawn, the government would be free from any obligations under the agreement and free to prosecute the Defendant for all offenses of which it has knowledge. (See Paragraph 8 of the Defendant's Plea Agreement filed in this matter [D.E. #90]).

4

12.    It appears to this Court that the Defendant received the benefit of his bargain as set forth in the plea agreement and more. The original plea agreement entered into by the Defendant pursuant to which he pled guilty before the undersigned United States Magistrate Judge on or about December 20, 2010 sets forth specifically in Paragraph 4 that the Defendant acknowledged that he was facing a minimum of three years in prison and a maximum of ten years in prison on each of Counts One, Two and Three and a minimum term of five years in prison and a maximum of fifteen years in prison as to Counts Four and Five. As to Count Seven the Defendant was facing a mandatory minimum term of ten years imprisonment up to a maximum of life, and under Count Eight he was facing a maximum of ten years in prison. There were associated terms of supervised release and fines associated with each of those counts. The Defendant obviously received the benefit of his cooperation and has ultimately received a sentence of six years which was well under the minimum mandatory on certain of the counts to which the Defendant pled guilty as referenced by Mr. Franklin in his response.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's pro se "Motion of Standing" [D.E. #166] be **DENIED** insofar as it implies that a notice of appeal has been filed or requests a late filing of a notice of appeal and/or appointment of counsel to handle an appeal.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

5

**DONE AND SUBMITTED** this _14TH_ day of July, 2011, at Fort Pierce, Northern

Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen S. Lineberger
Robert S. Franklin, Esq.

Luckson Morin
Reg. No. 94423-004
FDC Miami
P.O. Box 019120
Miami, FL 33101

6